UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEE WOODS,

                           Plaintiff,                        9:20-cv-570 (BKS/CFH)

v.

DANIEL F. MARTUSCELLO, III, et al.,

                           Defendants.
_____

**Appearances:**

*For Plaintiff*:
Sara L. Mandelbaum
Ellen M. Dunn
Laura Sorice
Sharon Lee
Tyler J. Domino
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019

*For Defendants*:
Jennifer J. Corcoran
New York State Office of the Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Lee Woods commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against various officials employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). (Dkt. No. 1.) On May 31, 2023, plaintiff filed a second amended complaint asserting Eighth and Fourteenth Amendment

violations stemming from the nature and duration of his restrictive confinement under both administrative segregation ("Ad Seg") status, and as a result of disciplinary sanctions that he received ("Disciplinary Seg"), for a period of approximately twelve years. (Dkt. No. 180 ("Second Amended Complaint").) Following the close of discovery, Plaintiff filed a motion for partial summary judgment (Dkt. No. 194), which Defendants opposed (Dkt. No. 200), and Defendants filed a motion for summary judgment (Dkt. No. 195), which Plaintiff opposed (Dkt. No. 201).

By Memorandum-Decision and Order entered on July 29, 2024, this Court denied Plaintiff's motion for partial summary judgment in its entirety, granted Defendants' motion for summary judgment in part and denied it in part, and afforded Plaintiff twenty-one (21) days to show cause as to why all of his official capacity claims should not be dismissed pursuant to 42 U.S.C.A. § 1997e(c)(1) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt. No. 207 ("July 2024 Order").)

Presently before the Court is Plaintiff's response to the Order to Show Cause set forth in the July 2024 Order, which Defendants have opposed. (Dkt. No. 211 ("Plaintiff's Response to Order to Show Cause"); Dkt. No. 212 ("Defendants' Opposition to Plaintiff's Response").)

## II.  DISCUSSION

### A.  Relevant Facts

Plaintiff entered DOCCS' custody on April 9, 2009. (Dkt. No. 201-1, ¶¶ 1, 5.) On April 10, 2009, DOCCS formally recommended that Plaintiff be placed on Ad Seg status. (Dkt. No. 201-1, ¶ 6.) On February 3, 2021, Plaintiff entered a "step-down program" at Mid-State Correctional Facility. (Dkt. No. 200-1, ¶ 4.) While in the Step-Down Program, Plaintiff lived in a repurposed special housing unit ("SHU"). (*Id*., ¶ 24.) On March 2, 2022, plaintiff was returned

to general population. (Dkt. No. 194-4; Dkt. No. 194-25; Dkt. No. 194-38; Dkt. No. 195-13, ¶¶ 7-8.)

As of March 31, 2022, new limitations have been imposed on, among other things, the use of restrictive confinement within DOCCS correctional facilities. *See* N.Y. Correct. Law § 137(6)(i)(i).

### B.     Overview of the July 2024 Order to Show Cause

The Second Amended Complaint asserted official capacity claims against several of the named defendants, including former DOCCS Commissioner Annucci (who has been substituted for Daniel F. Martuscello). (*See generally*, Dkt. No. 180, ¶¶ 17, 19, 22, 24, 26, 27, 28, 131, 132, 138, 142, 148.)  In addition to monetary relief, the pleading included a request that the Court "[d]eclare that the DOCCS Defendants' acts and omissions violated and continue to violate Mr. Woods's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution, the ADA, and Section 504 of the Rehabilitation Act, and that these acts and omissions continue to cause an ongoing harm and violation of those rights" and "[i]ssue injunctive relief ordering Defendants to ameliorate the conditions under which Mr. Woods is held and provide him with effective mental health treatment and programming[.]"  (Dkt. No. 180 at 39.)

Defendants moved for summary judgment with respect to Plaintiff's official capacity claims against Defendant Annucci (now Defendant Martuscello) on the grounds that "there is no injunctive relief left for [the Acting DOCCS Commissioner] to bring about" in light of Plaintiff's discharge from Ad Seg status.  (Dkt. No. 195 at 12-13.)[1]

---

[1] Defendants did not move for summary judgment with respect to Plaintiff's official capacity claims against any other official.

In addressing Defendants' argument, the Court began by noting that "[t]he Eleventh Amendment bars suits for damages against state officials acting in their official capacities[,]" and thus official capacity claims are only appropriate in "an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution." (July 2024 Order at 12-13 (citations omitted).) The Court further explained that a suit may only proceed against a state official in his or her official capacity when a plaintiff "'(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective.'" (*Id*. (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)).)

In light of the record before the Court showing that Plaintiff was released from the SHU and placed in general population in March 2022, and the changes to N.Y. Corr. Law § 137 that limit the amount of time that an incarcerated individual may be placed in restrictive confinement, the Court found that Plaintiff failed to establish that "he is suffering (or is likely to suffer) from an ongoing violation of federal law related to the claims in this case for which prospective relief may be appropriate." (July 2024 Order at 14.) Accordingly, the Court granted Defendants' motion for summary judgment insofar as it sought dismissal of Plaintiff's official capacity claims against Acting DOCCS Commissioner Martuscello, and afforded Plaintiff twenty-one (21) days to show cause why his remaining official capacity claims should not be dismissed pursuant to 42 U.S.C.A. § 1997e(c)(1) and Fed. R. Civ. P. 12(b)(6) for the same reasons. (*Id*. at 15-16.)

C.   **Overview of Plaintiff's Response to the Order to Show Cause and Defendants' Opposition**

Plaintiff argues that his remaining official capacity claims should not be dismissed because he "has a 'reasonable expectation' and fear that DOCCS will place him back in SHU-like conditions in the future for extended periods of time and/or based primarily on his crime of conviction and past disciplinary history." (*See* Dkt. No. 211 at 1.) Plaintiff further argues that

4

the passage of N.Y. Corr. Law § 137 ("HALT Act") does not moot his claims for forward-looking injunctive relief because (1) the potential harm associated with placing him back in SHU-like conditions is severe, (2) DOCCS has been found by at least one other court to have disregarded the mandates of the HALT Act in cases involving other incarcerated individuals, and (3) DOCCS officials "are actively working to dismantle the HALT Act." (*Id*. at 1-5.)

Defendants argue that Plaintiff's Response to the Order to Show Cause relies solely on "speculative allegations that DOCCS will violate the HALT Act . . . with no substantive or evidentiary proof of same." (Dkt. No. 212 at 2.) According to Defendants, "[m]ere allegations (especially regarding other individuals and/or facilities) do not constitute evidence that the alleged violations of Plaintiff's rights claimed in the instant action are reasonably expected to recur[,]" and his official capacity claims must therefore be dismissed.

**D.     Analysis**

As noted in the July 2024 Order, a suit may only proceed against a state official in his or her official capacity when a plaintiff "'(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective.'" July 2024 Order at 12-13 (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)).

Plaintiff was returned to general population on March 2, 2022, and within the same month, new limitations were imposed on the use of restrictive confinement within DOCCS correctional facilities. *See* N.Y. Correct. Law § 137(6)(i)(i). There is no evidence before this Court that Plaintiff has spent any time in restrictive confinement over the past two years, has been threatened with restrictive confinement for improper reasons during this time, or that DOCCS officials have placed any incarcerated individuals in restrictive confinement for non-disciplinary reasons during this time. Thus, Plaintiff has failed to satisfactorily allege, let alone establish, that he is suffering from an ongoing violation of federal law. *See also Ruggiero v.*

5

*Brian Fischer, Comm'r*, No. 15-CV-00962, 2017 WL 6999859, at *2 (W.D.N.Y. Aug. 25, 2017) ("[I]n order to warrant the court's consideration, the plaintiff must be seeking prospective relief from an 'ongoing violation of federal law' which affects him directly, as opposed to others."), *report and recommendation adopted sub nom. by* 2018 WL 488949 (W.D.N.Y. Jan. 20, 2018) (citations omitted).[2]

In addition, and setting aside the speculative nature of Plaintiff's contention that he could be returned to restrictive confinement at any point because DOCCS officials have disregarded the mandates of the HALT Act, the prospective injunctive relief that Plaintiff is seeking – which forms the basis of his request to maintain his official capacity claims – is an order prohibiting DOCCS officials from returning him to the SHU "for extended periods of time or for improper reasons[.]"  (Dkt. No. 211 at 3.)  However, by Plaintiff's very own arguments, this relief is only necessary because DOCCS officials have shown a willingness to disregard the mandates of the HALT Act.  In other words, Plaintiff is essentially seeking to maintain official capacity claims so that he may pursue a permanent "obey the law" injunction, which is entirely impermissible under the circumstances.  *See N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941) ("[T]he mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt

---

[2] The law is well-settled that an incarcerated individual's transfer out of a facility where he was allegedly experiencing ongoing harm moots his claim for injunctive relief, regardless of that individual's fear or speculation that he may be returned to that facility at any point.  *See, e.g., Booker v. Graham*, 974 F.3d 101, 107-08 (2d Cir. 2020) ("Booker argues that he may 'return to Auburn during the term of his incarceration,' . . . but '[s]uch speculation warrants no departure from the principle' that an inmate may not seek injunctive relief against prison officials after transfer." (quoting *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011)).  The Court finds this legal principle equally applicable under the current facts of this case. *See also Bowens v. Smith*, No. 9:11-CV-784 (GLS/ATB), 2013 WL 103575, at *4 (N.D.N.Y. Jan. 8, 2013) ("In this case, plaintiff was released from Ad Seg and has been housed in Clinton's APPU since December of 2011. Plaintiff has been afforded the injunctive relief that he sought in the amended complaint. Plaintiff no longer has a 'personal stake' in the injunctive relief he requested. Therefore, any claims for injunctive relief against defendant Fischer in his official capacity may be dismissed as moot."), *report and recommendation adopted by* 2013 WL 103596 (N.D.N.Y. Jan. 8, 2013).

proceedings if he shall at any time in the future commit some new violation unlike and unrelated to that with which he was originally charged."); *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) ("'Under Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.'" (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996))); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012) ("'Obey the law' injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored and would not be warranted here.").

Furthermore, this action is based on Plaintiff's continuous placement in restrictive confinement for a period of approximately twelve years under both Ad Seg status, and as a result of disciplinary sanctions that he received, ending more than two years ago.  It is not based on DOCCS officials disregarding the mandates of the HALT Act, despite this being the reason why Plaintiff contends that his official capacity claims should not be dismissed.  Indeed, the Second Amended Complaint does not allege, and Plaintiff has not offered any evidence showing, that incarcerated individuals continued to be placed in restrictive confinement for non-disciplinary reasons despite the passage of the HALT Act (and following Plaintiff's placement in general population).  In other words, any future challenge to Plaintiff's placement in restrictive confinement would bear no relationship to the underlying claims that remain in this action.  Thus, it would not even be appropriate for the Court to award the sort of prospective injunctive relief that Plaintiff is seeking in this action.  *See, e.g., Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief

be obtained. . . . Herein, Stewart filed a complaint in the district court in October, 1983, alleging discrimination in employment based on conduct of the type asserted in his 1980 EEOC claims, and thereby commenced an action pertaining to the then alleged discriminatory conduct. His July, 1984 motion for preliminary injunctive relief, claiming discrimination and retaliation based on his suspension without pay in May, 1984, presents issues which are entirely different from those which were alleged in his original complaint. Since Stewart neither filed a separate complaint in the district court relating to his suspension without pay and based upon his MSPB action, . . . nor sought to avail himself of the liberal rules which would have allowed for the amendment of his original October, 1983 complaint, we hold that no jurisdictional basis existed upon which the district court herein could have issued its preliminary injunctive relief."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's [Section] 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir.2010) (the plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint); *see also Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions

taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).

For all of these reasons, as well as for the reasons set forth in the July 2024 Order, Plaintiff's official capacity claims are dismissed pursuant to 42 U.S.C.A. § 1997e(c)(1) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's official capacity claims are dismissed pursuant to 42 U.S.C.A. § 1997e(c)(1) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall **TERMINATE** all defendants other than O'Gorman, Bellnier, and Miller from this action.

**IT IS SO ORDERED.**

Dated: September 24, 2024
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge